IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JUSTIN T. HOLCOMBE, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION FILE |
| v. : | |
| : | No. _____ |
| ALLIANCE SECURITY LLC, : | |
| a Delaware limited liability company, : | |
| d/b/a "Securities Promotion," "Alliance : | |
| Security, Inc." and "Alliance Home : | |
| Protection," and : | |
| : | |
| MONITRONICS INTERNATIONAL, : | |
| INC., a Texas corporation, : | |
| : | |
| Defendants. : | |

**COMPLAINT**

**INTRODUCTION**

1. This is an action for damages against the defendants for violations of the Telephone Consumer Protection Act [TCPA], 47 U.S.C. § 227, the regulations proscribed thereunder, 47 C.F.R. § 64.1200, and supplemental claims pursuant to the Georgia Public Utilities Code, O.C.G.A. § 46-5-27, and the Georgia Fair Business Practices Act, O.C.G.A. §§ 10-1-390 through 407.

- 1 -

## SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims as they are so related to Plaintiff's TCPA claims that they form part of the same case or controversy.

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff is a resident of this State, District and Division and is authorized by law to bring this action.

5. Defendant ALLIANCE SECURITY LLC is a limited liability company organized under the law of the State of Delaware with its principal place of business in Texas. [Hereinafter said defendant is referred to as "ALLIANCE"].

6. Defendant MONITRONICS INTERNATIONAL, INC. is a corporation organized under the law of the State of Texas. [Hereinafter said defendant is referred to as "MONITRONICS"].

7. MONITRONICS provides residential security monitoring services to consumers throughout the United States, including consumers in the State of Georgia.

8. ALLIANCE is an authorized dealer for MONITRONICS that installs and services residential alarm systems for MONITRONICS.

9. Defendants transact business in this State, District and Division.

10. In the course of their business, Defendants directed telephone solicitation calls to Plaintiff's cellular telephone number in this State, District and Division. Such telephone calls form the basis of Plaintiff's choses in action.

11. Defendants are subject to the jurisdiction and venue of this Court.

12. ALLIANCE may be served by personal service upon its registered agent in the State of Georgia, to wit: Incorp Services, Inc., 2000 Riveredge Pkwy., NW, Ste. 885, Atlanta, Georgia 30328.

13. MONITRONICS may be served by personal service upon any authorized agent or officer at its principal place of business, to wit: 2350 Valley View Lane, Ste. 100, Dallas, TX 75065.

14. Alternatively, Defendants may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Georgia, Texas, Delaware or Rhode Island.

15. Other defendants may be discovered in the course of litigation, and plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTS COMMON TO ALL CAUSES

16. Beginning in or around May, 2013, Defendant ALLIANCE, or a telemarketing firm acting with the actual or apparent authority of ALLIANCE, began making telephone calls to Plaintiff's cellular telephone number ending in -0868.

17. The telephone calls were placed using a telephone system that has the capacity to dial telephone numbers without human intervention in order to play prerecorded messages.

18. Some of the telephone calls came with telephone numbers 14178002360, 13073167479 or 12032749599 appearing on the Plaintiff's cellular telephone's caller identification device.

19. In at least four of the telephone calls, the caller knowingly used technology to block or otherwise circumvent the Plaintiff's use of a caller identification service. These calls appeared on Plaintiff's caller identification device as calls from an "Unknown Number."

20. Sometimes, calls from the "Unknown Number" would come immediately after or simultaneously with other calls from the Defendants.

21. When Plaintiff would answer the telephone calls, the system making the calls would play a prerecorded voice offering a free security system installation.

22. The prerecorded voice would instruct to Plaintiff to press "1" for more information.

23. The prerecorded voice calls never identified the person or entity initiating the call.

24. Upon pressing "1," Plaintiff was connected to a person identifying herself as calling with "Securities Promotions." [Hereinafter, said person(s) shall be referred to as "LEAD GENERATOR"].

25. When Plaintiff requested that LEAD GENERATOR confirm she was calling with "Securities Promotions," LEAD GENERATOR would hang up.

26. If LEAD GENERATOR receives suspicion that the person answering the telephone is inquiring as to the identity of the person or entities making the call, the LEAD GENERATOR would hang up as a matter of policy.

27. On at least five occasions, Plaintiff answered telephone calls in which he never proceeded past the LEAD GENERATOR and could not determine the identity of the caller initiating the telephone calls.

28. Finally, on June 3, 2013 at 6:27 p.m., Plaintiff answered and did not ask the LEAD GENERATOR any questions, but instead just confirmed interest in a free security alarm system. The LEAD GENERATOR then informed Plaintiff that he would receive a call back from one of their representatives in a few minutes from area code 214.

29. On June 3, 2013 at 6:32 p.m., Plaintiff received a telephone call from a person identifying himself as "Victor" from ALLIANCE.

30. When Victor called, Plaintiff's cellular telephone caller-identification device identified the call as coming from 12144520007.

31. In the telephone call, Victor informed the Plaintiff that ALLIANCE would install a security system for free so long as Plaintiff paid for monthly monitoring services from MONITRONICS.

32. In the telephone call, Victor informed Plaintiff that ALLIANCE is an authorized dealer for MONITRONICS that installs and services security systems for MONITRONICS to provide monitoring services.

33. At the end of the call, Victor provided Plaintiff with telephone number 877-746-2559 as his call back number and stated his extension was 4330.

34. 877-746-2559 ("1-877-7GO-ALLY") is the telephone number for ALLIANCE.

35. At all times, ALLIANCE was acting with the actual or apparent authority of MONITRONICS in order to sell alarm monitoring services provided by MONITRONICS.

36. The purpose of the telephone calls was to convince Plaintiff to purchase monthly alarm monitoring services from MONITRONICS.

37. The calls were made by or on behalf of ALLIANCE and on behalf of MONITRONICS.

38. MONITRONICS allows the ALLIANCE access to information and systems that normally would be within MONITRONICS's exclusive control, including: access to detailed information regarding the nature and pricing of the MONITRONICS's products and services and to MONITRONICS's customer information.

39. ALLIANCE has the ability to enter consumer information into MONITRONICS' sales or customer systems, as well as the authority to use the MONITRONICS' trade name, trademark and service mark.

40. ALLIANCE is authorized to market services on MONITRONICS' behalf.

41. MONITRONICS knew or reasonably should have known that the ALLIANCE was violating telemarketing laws on MONITRONICS' behalf.

42. MONITRONICS failed to take effective steps within its power to force the ALLIANCE to cease its conduct.

43. At least two Federal class action lawsuits are pending against MONITRONICS pursuant to the Telephone Consumer Protection Act that were both brought and served prior to any of the calls initiated to Plaintiff. One such case was originally removed to Federal Court in 2011.

44. Despite MONITRONICS knowledge of the TCPA and its knowledge that its dealers were alleged to have violated the TCPA on its behalf, MONITRONICS has not taken action to effectively prevent its dealers from making the telephone calls such as those made to the Plaintiff.

45. MONITRONICS has authorized ALLIANCE to market its alarm monitoring services and has the ability, through its authorization, to oversee the conduct of ALLIANCE, even if that power to supervise is unexercised.

46. The calls were made with the actual or apparent authority of ALLIANCE and MONITRONICS.

47. Plaintiff does not have a current or prior business relationship with ALLIANCE or MONITRONICS.

48. Plaintiff never consented to the telephone calls.

49. The telephone calls were made for the purpose of encouraging the purchase of alarm monitoring services from MONITRONICS.

50. Defendants do not maintain a place of business in this State.

51. Defendants to not keep assets in this State.

52. Plaintiff has complied with all conditions precedent to bring this action.

**CAUSE OF ACTION**

**COUNT ONE: TELEPHONE CONSUMER PROTECTION ACT**

53. The acts of Defendants constitute violations of the Telephone Consumer Protection Act.

54. Defendants' violations of the TCPA include, but are not limited to, the following:

55. Making and/or initiating a telephone call using an automatic telephone dialing system or an artificial or prerecorded voice to a cellular telephone number without the prior express consent

of the called party, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii); and

56. Initiating, or causing to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice to a cellular telephone number without the prior express written consent of the called party, in violation of 47 CFR § 64.1200(a)(2).

57. As a result of Defendants' actions, Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation pursuant to 47 U.S.C. § 227(b)(3)(B).

58. As a result of Defendants' actions, Plaintiff is entitled to injunctive relief to prevent future violations pursuant to 47 U.S.C. § 227(b)(3)(A).

59. Defendants' conduct in violation of the TCPA was willful and knowing, and Plaintiff requests an award of statutory damages of up to $1,500.00 for each such violation pursuant to 47 U.S.C. § 227(b)(3).

60. Defendants have acted in bad faith, been stubbornly litigious and/or caused the Plaintiff unnecessary trouble and expense, and Plaintiff requests an

award of the expenses of litigation, including a reasonable attorney's fee, pursuant to O.C.G.A. § 13-6-11.

## COUNT TWO: GEORGIA PUBLIC UTILITIES CODE

61. The acts of Defendants constitute violations of Georgia's Public Utilities Code. Defendants' violations of the Public Utilities Code include, but are not limited to, the following:

62. Making a telephone solicitation to the telephone line of any mobile or wireless subscriber in this state without, at the beginning of such call, stating clearly the identity of the person or entity initiating the call, in violation of O.C.G.A. § 46-5-27(g)(1); and

63. Making a telephone solicitation to the telephone line of a mobile or wireless subscriber in this state while knowingly utilizing any method to block or otherwise circumvent such subscriber's use of a caller identification service, in violation of O.C.G.A. § 46-5-27(g)(2).

64. The actions of Defendants in violation of this part were knowing.

65. As a result of Defendants' actions, Plaintiff is entitled injunctive relief and an award of statutory damages of $2,000 for each such violation pursuant to O.C.G.A. § 46-5-27(i).

66. Defendants have acted in bad faith, been stubbornly litigious and/or caused the Plaintiff unnecessary trouble and expense, and Plaintiff requests an award of the expenses of litigation, including a reasonable attorney's fee, pursuant to O.C.G.A. § 13-6-11.

**COUNT THREE: GEORGIA FAIR BUSINESS PRACTICES ACT**

67. The acts of Defendants constitute violations of Georgia's Fair Business Practices Act. Defendants' violations of the Fair Business Practices Act include, but are not limited to, the following:

68. In connection with a telephone solicitation, the failure to state clearly the identity of the person or entity initiating the call at the beginning of such call, in violation of O.C.G.A. § 10-1-393.13(b)(1); and

69. Making a telephone solicitation to the telephone line of a subscriber in this state while knowingly utilizing any method to block or otherwise circumvent such subscriber's use of a caller

identification service, in violation of O.C.G.A. § 10-1-393.13(b)(2).

70. As a result of Defendants' actions, Plaintiff is entitled to an award of damages of $10.00 for each such violation pursuant to O.C.G.A. § 10-1-393.13(c).

71. Plaintiff requests equitable injunctive relief to prevent further violations of the Fair Business Practices Act, pursuant to O.C.G.A. § 10-1-399(a).

72. Defendants' violations of the Fair Business Practices Act were intentional.

73. Plaintiff requests an award of exemplary damages, pursuant to O.C.G.A. § 10-1-399(a), for the Defendants' intentional violations of the Fair Business Practices Act in order to adequately deter these Defendants from continuing to ignore the law and harass Georgia consumers.

74. Plaintiff requests an award of treble damages, pursuant to O.C.G.A. § 10-1-399(c), for the Defendants' intentional violations of the Fair Business Practices Act.

75. Plaintiff is entitled to an award of reasonable attorneys' fees and expenses of litigation in connection with this action, pursuant to O.C.G.A. § 10-1-399(d).

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANTS AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory damages;

b) That Plaintiff be awarded treble damages;

c) That Plaintiff be awarded exemplary damages;

d) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

e) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

by:    /s/ James M. Feagle
James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax

Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
770 / 427-5600
404 / 601-1855 fax